UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**STEPHEN M. KESSLER**,                                    Civil Case No. 3:12-CV-02110-KI

                    Plaintiff,                              OPINION AND ORDER

        v.

**STATE OF OREGON, MULTNOMAH
COUNTY CIRCUIT COURT, JUDGE
CHRISTOPHER MARSHAL, ET AL.**,

                    Defendants.

        Stephen M. Kessler
        #2059426
        2605 State Street
        Salem, Oregon 97310

                *Pro se* Plaintiff

        Ellen F. Rosenblum
        Attorney General
        Heather J. Van Meter
        Senior Assistant Attorney General

Page 1 - OPINION AND ORDER

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

     Attorneys for Defendants

KING, Judge:

     Stephen M. Kessler, an inmate at the Oregon State Penitentiary, brings this civil rights action *pro se* against the State of Oregon, Multnomah County Circuit Court, and Judge Christopher Marshall.[1]  Currently before me is plaintiff's Application for Leave to Proceed IFP [1], his  Motion for Waiver of U.S. Marshall Service Fees [4], and defendants' Motion to Dismiss [8].

## ALLEGED FACTS

     Plaintiff seeks a declaration that an Oregon Rule of Civil Procedure[2] requires the state court to hold a hearing when a motion, supported by an affidavit, is filed requesting a "voidness determination."  Compl. 8.  He alleges his due process and equal protection rights have been violated because the state court has granted such "voidness determination hearings" to other similarly situated individuals but has refused to grant him such a hearing.  Plaintiff further asks for an injunction ordering Judge Marshall or another judge to hold a "voidness determination hearing[.]"  Id.

---

[1]Although he spells the Judge's name as "Marshal," the order plaintiff attached as an exhibit to his Complaint reflects the spelling as "Marshall."  Pl.'s Compl. Ex. 1.

[2]The Rule to which he points reads, "Relief from Judgment or Order . . . (B)(1) By motion.  On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons:  . . . (d) the judgment is void[.]"  Or. R. Civ. P. 71.

Plaintiff sets forth his conviction history and complains as follows: (1) he was not advised about the possibility of consecutive minimum sentences prior to entering a guilty plea; (2) the sentencing judge failed to state on the record his reason for imposing consecutive sentences; and (3) the Oregon Supreme Court improperly affirmed a sentencing enhancement. He alleges similarly situated individuals in circumstances such as his have been given a "voidness determination hearing[.]" Id. at 4-5, 7.

Plaintiff reports having "exhausted the presented facts and claims" in his post-conviction case filed in Marion County. Id. at 2. The Oregon Court of Appeals affirmed the post-conviction decision without opinion, and the Oregon Supreme Court denied review. Plaintiff subsequently filed a habeas corpus petition in Marion County. Again, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Plaintiff then filed a "motion for relief from void judgments" in Multnomah County, and it is Judge Marshall's order denying him relief that is the subject of this action. Plaintiff appealed that denial, and his request for review with the Oregon Supreme Court is pending.

Plaintiff does not seek money damages.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949)).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). However, the court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

## DISCUSSION

Defendants argue plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) because Judge Marshall is entitled to judicial immunity, plaintiff fails to state a claim, his claims are barred by the Eleventh Amendment, and the court should abstain due to plaintiff's pending appeal of Judge Marshall's order.

As plaintiff quite ably points out, however, he is not suing for damages. Accordingly, defendants' arguments with respect to judicial immunity and the Eleventh Amendment are not availing. Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000), overruled on other grounds by Wallace v. Kato, 549 U.S. 384 (2007) (Judges are immune from liability for a money damages suit for "acts committed within their judicial jurisdiction"); Edelman v. Jordan, 415 U.S. 651, 664 (1974) (explaining the exception to the Eleventh Amendment described in Ex Parte Young,

209 U.S. 123 (1908), permitting a suit against the Attorney General of Minnesota seeking to

prohibit him from enforcing a statute alleged to be unconstitutional).

      I note a more fundamental problem, however.  This Court has an obligation to confirm it

has subject matter jurisdiction; a court's authority to resolve a dispute arises only if jurisdiction is

proper.  Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of

Adjustment, Cent. Region, 558 U.S. 67, 130 S. Ct. 584, 596 (2009) ("Subject-matter jurisdiction

. . . can never be forfeited or waived."); MacKay v. Pfeil, 827 F.2d 540, 542 (9th Cir. 1987) (if the

parties fail to raise the question, the issue of jurisdiction must be addressed *sua sponte* by the

court).

      This court has no authority to review final determinations of a state court.  See Rooker v.

Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462

(1983).  As explained by the Ninth Circuit,

> It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in
> federal district court complains of a legal wrong allegedly committed by the state
> court, and seeks relief from the judgment of that court.
>
> . . .
>
> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a
> state court, and seeks relief from a state court judgment based on that decision,
> *Rooker-Feldman* bars subject matter jurisdiction in federal district court.

Noel v. Hall, 341 F.3d 1148, 1163, 1163-64 (9th Cir. 2003); see also Doe & Assoc. Law Offices

v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001) ("If the federal constitutional claims presented

to the district court are 'inextricably intertwined' with the state court's judgment, then Doe is

essentially asking the district court to review the state court's decision, which the district court

may not do.").

Page 5 - OPINION AND ORDER

Plaintiff complains that his due process and equal protection rights were violated when a state court judge refused to grant plaintiff a hearing regarding his criminal conviction.  A federal district court has no jurisdiction to resolve these allegations, which represent the classic "de facto appeal."  See Allah v. Superior Court of the State of Cal., 871 F.2d 887, 891 (9th Cir. 1989) ("To the extent that Allah requested the district court to conduct a direct review of the state court's judgment and to scrutinize the state court's application of various rules and procedures pertaining to his case, the district court lacked subject matter jurisdiction over his complaint.").

Plaintiff cannot repackage his claims to obtain a de facto appeal of the state court judgment here in federal court.

## CONCLUSION

Based on the foregoing, the Court grants plaintiff's Application to Proceed In Forma Pauperis [1], denies as moot his Motion for Waiver of U.S. Marshall Service Fees [4], and grants defendants' Motion to Dismiss [8].


IT IS SO ORDERED.

DATED this ____15th____ day of February, 2013.


 /s/ Garr M. King_____
Garr M. King
United States District Judge